### Circuit Court of Lucas County.

EDWARD J. SEARLES AND DANIEL C. SEARLES v. ARTHUR
COWDRICK; ERROR TO THE COURT OF
COMMON PLEAS.*

DANIEL C. SEARLES AND EDWARD J. SEARLES v. ARTHUR
COWDRICK; APPEAL FROM THE COURT OF
COMMON PLEAS.*

DANIEL C. SEARLES AND EDWARD J. SEARLES v. AUGUSTA
COWDRICK, EXECUTRIX OF ARTHUR COWDRICK;
ERROR TO THE COURT OF COMMON PLEAS.*

Decided, December 17, 1912.

*Privilege of Prosecuting Error Does Not Exist as a Matter of Right—
Compliance with Statutory Provisions Jurisdictional—Duty of Preparing Transcript is on the Defeated Party—Impossibility of Obtaining a Transcript Not Ground for Reversal—Presumption that the Judgment of the Trial Court is Correct.*

The death, after verdict, of the official stenographer who took in short
hand the testimony of the witnesses, and the fact that no other person is able to transcribe her notes, and the defeated party having

---

*Affirmed by the Supreme Court without opinion, October 20, 1914.

relied on such stenographer and being unable to prepare a bill of exceptions which the trial judge will certify contains all of the evidence, does not justify a reversal of the judgment entered on such verdict.

*Ray & Cordill,* for Searles Brothers.

*Marshall & Fraser,* for Arthur Cowdrick and Augusta Cowdrick, executrix.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

These three cases arise out of the same controversy and may be conveniently disposed of in one opinion. The original action out of which the first case arises was brought in common pleas by Cowdrick to recover of Searles Brothers the sum of $4,557, which he claimed was due to him for services, on the percentage basis, in the erection of certain green-houses for the defendants. The answer in that case denied the allegations of the petition, and set up by way of cross-petition a claim for damages resulting by reason of the loss of the use of the green-houses by delay in construction and for failing to construct them in accordance with the terms of the contract providing therefor. The claim presented in the cross-petition aggregated as therein set forth $11,527.89. The result in the first trial in the common pleas court was a verdict and judgment in favor of Cowdrick for $1,285.20, which judgment was reversed by this court and the judgment of reversal affirmed by the Supreme Court. On a retrial in the common pleas court, Cowdrick recovered a verdict of $5,094.80, upon which judgment was entered in that court, and the proceeding in error in the first above case is to reverse that judgment.

It appears from the record in these cases that on the last trial in the common pleas of the original case, Mary Weinland, a duly appointed and regular court stenographer, took shorthand notes of the evidence by direction of the court, and that within three days after the rendition of the verdict a motion for a new trial was filed, which was overruled by the court on December 5, 1910. It appears from the record that counsel for Searles Brothers directed Miss Weinland about November 10, 1910, to get out a transcript of the evidence taken by her in said cause

which she agreed to do, and that on December 5, 1910, they again requested her to immediately finish getting out a transcript of such evidence, but that on January 3, 1911, she died, after a short illness, without having completed said transcript, and that Searles Brothers had no knowledge of her illness. She had, at the time of her death, transcribed only some seventy-five folios of the testimony, and the whole of the testimony, if transcribed. from her shorthand notes, would have made about nine hundred folios. From the peculiarity of the system which she used in writing shorthand, it was and is impossible for others to transcribe her notes. All due diligence was used by counsel for Searles Brothers to decipher her notes and thus procure a bill of exceptions, but because of the facts stated, it was impossible to procure a bill which the trial judge would certify to contain all of the evidence. The certificate, however, of the trial judge is that the bill of exceptions contains all of the evidence in substance produced on said trial, but it is conceded that the bill is incomplete and inaccurate, and that by reason of the circumstances stated Searles Brothers are deprived of the right to present to the court a true and complete bill of exceptions so as to have the case reviewed on the weight of the evidence.

The term at which this case was tried in the common pleas ended by final adjournment late in December, 1910, and on April 1, 1911, Searles Brothers brought an action in equity against Cowdrick in the common pleas court, the object and purpose of which was to set aside the verdict and judgment rendered against them, alleging as grounds therefor the facts already stated. That case resulted in a finding and decree in the common pleas court in favor of Cowdrick, to which finding Searles Brothers prosecute in this court both appeal and error. After the last trial in the court of common pleas, Arthur Cowdrick died and his widow, Augusta Cowdrick, was appointed as executrix of his last will and testament.

The cases are of more than usual interest and have demanded and received a great deal of attention by the court. Neither counsel nor this court has found any error to the prejudice of Searles Brothers in the original case, unless it arises by reason of the action of the trial court in refusing a new trial, solely on ac-

count of the death of Miss Weinland, and the consequent inability of counsel to obtain a complete bill of exceptions setting out all of the evidence.  This question has been presented to us both orally and in briefs, and has been argued with much ability, the investigations of counsel having taken a wide range and their respective claims being supported by many authorities of more or less pertinency.

Any view which we take of the case may result in such a judgment as will produce an apparent hardship as to the defeated party.  If the plaintiffs in error shall be by the facts stated deprived of the right to prosecute error on the claimed ground that the verdict is not sustained by the evidence, then the judgment rendered against them in the court of common pleas is a finality.  On the other hand, if the death of the stenographer and the consequent inability of the defeated party to procure a transcript of the shorthand notes shall, in and of itself, be sufficient ground for granting a new trial, then Cowdrick will be deprived of the fruits of his judgment through no fault of his own, and this situation is intensified in this case by the fact that having died since the trial, his executrix would be deprived of the benefit of any additional testimony which he might be able to give on a re-trial and his presence at such trial.

The judgment rendered in the common pleas court is, of course, presumed to be regular and valid and must stand, unless reversed in some method authorized by law. It is provided in Section 11564, General Code, that "the party excepting must reduce his exceptions to writing and file them in the cause, not later than forty days after the overruling of the motion for a new trial."  The General Assembly in the exercise of its wisdom has provided this method for the review of a case on error wherein a bill of exceptions is necessary to raise the questions desired to be submitted to the reviewing court.  By this section the duty of reducing the exceptions to writing and filing them in the cause within the time limited is imposed upon the party excepting, and not upon the stenographer.  True, by a nearly universal practice followed for many years, stenographers have furnished transcripts of the testimony for use in preparing bills of exceptions, but before the statutes of Ohio provided for official stenog-

raphers, bills of exceptions were taken by the defeated party, and, as many of the older members of the bar will recall, written out in longhand in narrative form by counsel and settled as embodying all the evidence either by agreement of counsel or by decision of the court.

The right to review a case by a proceeding in error may be granted or withheld by the Legislature and on such terms as it may provide, and unless the defeated party brings himself within the provisions of the statute granting such right, he has no standing in the reviewing court. The rule is well stated in the opinion of the court by Price, Judge, in *Canfield* v. *Brobst,* 71 O. S., 45, and is again stated by Spear, Judge, in *Mitchell* v. *State,* 78 O. S., 352. The privilege of prosecuting an error proceeding does not exist as a matter of right, and can not be enlarged by the court, and a compliance with the statutory provisions, so far as the duty is imposed upon the litigant, is jurisdictional in its character.

It is true that certain decisions in Ohio have granted relief against the failure to comply with certain statutory requirements in error proceedings, where that failure was chargeable to the judge or clerk of courts. Such cases are *Cincinnati Traction Co.* v. *Ruthman,* 85 O. S., 62, and *Pace* v. *Volk,* 85 O. S., 413. It will be noticed, however, that in the last case cited. the court in the syllabus explicitly holds that the provisions of Section 11564, General Code, requiring that the party excepting must reduce his exceptions to writing and file them in the cause, is mandatory. In that case the omission relieved against was a failure of the judge to sign the bill of exceptions, such duty being held to be directory merely, so far as the time of signing is concerned.

It is argued in the case at bar that the stenographer is an official of the court, and that the failure of the stenographer to furnish a transcript within such time as would enable the defeated party to prepare a bill of exceptions containing all of the evidence is the failure to perform a duty which is directory only. This argument overlooks the language of Section 11564, General Code, already cited, in which the duty of reducing the exceptions to writing and filing them in the cause is cast upon the party

himself and not upon the stenographer, and this duty so imposed upon the party by the statute is, as held in 85 O. S., 413; one which is mandatory. While, in a sense, the stenographer is an official of the court and is required to furnish upon tender of fees therefor a transcript of the evidence to the party demanding it, yet the money so paid is the money of the party and becomes upon payment the property of the stenographer and the transcript the property of the party ordering it. The only duty imposed by law on the stenographer is to furnish a transcript of the testimony as already stated; every other duty rests by statute on the litigant. By reason of the death of the official stenographer, the defeated party is unable to clothe this court with jurisdiction to review the case on the weight of the evidence, and the presumption being that the judgment rendered in the trial court is right, it must stand.

We will not undertake a review of the decisions of the various states where reversals of judgments have been sought by reason of the death of the stenographer, or loss of the shorthand notes and the inability of the party, because of such facts, to procure a complete bill of exceptions. The decisions in other jurisdictions are not in harmony and frequently result from the peculiar language of the statutes or constitutional provisions. We have examined many of these decisions and find it impossible to reconcile all of them.

The course pursued by counsel for Searles Brothers in this case was the same as is pursued by counsel in other cases and the same as has been followed for many years past by attorneys throughout the state. The practice has been so universal that no criticism can arise because of the fact that they omitted to have the transcript prepared as the case progressed, nor by reason of their failure to take such notes as would make it possible to prepare a bill of exceptions without the aid of a stenographer. The trial of an action always subjects the defeated party to the possible hazard, arising out of an incident such as occurred in this case, of being unable to procure such a bill of exceptions as the trial judge will certify to contain all of the evidence, and this situation could hardly be guarded against by human foresight.

Counsel for the plaintiffs have contended vigorously at every stage of this litigation that the claims of their clients, Searles Brothers, were meritorious in every respect, and with great industry they have exhausted every resource in an effort to avoid the serious results attending the case by reason of the death of the official stenographer. It is difficult to see how they could have protected the interests of their clients more effectually in any other way. This case makes quite pertinent the language of Johnson, Judge, in *Michael* v. *National Bank,* 84 O. S., 383, in which he says:

"It is insisted that this case presents a great hardship, and that in the result of the original action, injustice was done the defendants. That may be true. Courts at their best can only approximate exact justice. Where such hardships and imperfections seem to be apparent, courts would gladly redress them if a rule could be contrived that would remedy the evil without producing worse conditions."

The judgment in the first case will be affirmed. In the appeal case there will be a finding and decree for the defendant. The last error case will be dismissed.